UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY RICHARD LAWMAN,<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 15-cv-01202-DMR<br><br>**ORDER RE: MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 37, 46 |

Defendants move to file portions of their motion for summary judgment under seal. [Docket No. 37.] Plaintiff also seeks to file portions of his opposition to the motion for summary judgment under seal. [Docket No. 46.]

## I. LEGAL STANDARDS

Civil Local Rule 79-5(b) states that "no document may be filed under seal (i.e., closed to inspection by the public) except pursuant to a court order that authorizes the sealing of the particular document, or portions thereof. A sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law (hereinafter referred to as 'sealable')." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Furthermore, "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L.R. 79-5(d)(1)(A).

Pursuant to Civil Local Rule 79-5(e), a party must file under seal a document designated as confidential by the opposing party or a document containing information so designated by an opposing party. "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that

all of the designated material is sealable." Civ. L.R. 79-5(e)(1). "If the Designating Party does not file a responsive declaration as required by subsection 79-5(e)(1) and the Administrative Motion to File Under Seal is denied, the Submitting Party may file the document in the public record no earlier than 4 days, and no later than 10 days, after the motion is denied." Civ. L.R. 79-5(e)(2).

The Ninth Circuit established standards governing requests to seal in *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). When a party seeks to seal judicial records filed in connection with dispositive motions, a "compelling reasons" standard applies. *Id.* at 1179. This standard derives from the common law right "to inspect and copy public records and documents, including judicial records and documents." *Id.* at 1178 (citation and internal quotation marks omitted). To limit this common law right of access, a party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79 (citations and internal quotation marks omitted). "[A] 'good cause' showing alone will not suffice to fulfill the 'compelling reasons' standard that a party must meet to rebut the presumption of access to dispositive pleadings and attachments."[1] *Id.* at 1180. As the court in *Kamakana* stated:

> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. . . . The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id.* at 1179 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)) (internal citation omitted).

---

[1] In contrast, a "'good cause' showing . . . will suffice to keep sealed records attached to *non-dispositive* motions." *Kamakana*, 447 F.3d at 1180 (emphasis added) (citation omitted).

2

## II. DISCUSSION

### A. Defendants' Administrative Motion to Seal

Defendants move to seal Exhibits F, G, M, and N to the Declaration of Rebecca Bers in support of their motion for summary judgment, as well as portions of their memorandum of points and authorities in support of the motion that refer to those exhibits. According to Defendants, Plaintiff designated the material as confidential pursuant to the parties' stipulated protective order.

Plaintiff filed the responsive declaration required by Civil Local Rule 79-5(e)(1), in which he indicates that Exhibit F does not need to be filed under seal, and that he does not believe that the descriptions of the four exhibits in the motion for summary judgment reveal any matters that would justify sealing portions of the memorandum of points and authorities. Accordingly, Defendants' request to seal Exhibit F to the Bers Declaration and portions of their memorandum of points and authorities is DENIED.

As to Exhibits G, M, and N to the Bers Declaration, these exhibits contain mental health records from Plaintiff's former therapist and psychotherapist and excerpts of deposition testimony from Plaintiff's former psychotherapist. Because Defendants' motion for summary judgment is a dispositive motion, the court applies the "compelling reasons" standard to Defendants' motion to seal. The court finds that Plaintiff's interest in preserving the privacy of his sensitive mental health records constitutes a compelling reason to seal Exhibits G, M, and N, and that the request is "narrowly tailored" to seal only sealable material, as required by Civil Local Rule 79-5. Accordingly, Defendants' motion to seal Exhibits G, M, and N to the Bers Declaration is GRANTED.

### B. Plaintiff's Administrative Motion to Seal

Plaintiff moves to seal the names of two witnesses who provided declarations in support of Plaintiff's opposition to Defendants' motion for summary judgment. He also seeks leave to refer to these individuals by their initials, M. M. and S. M., in his opposition brief. The two witnesses were arrested for allegedly violating California Penal Code section 647(f) and held in a sobering cell in San Francisco County jail. The witnesses have a privacy interest in their criminal history, and the use of their full names is not relevant to this dispute. Accordingly, the court grants

3

Plaintiff's motion to seal the names of the two witnesses and grants Plaintiff leave to refer to the individuals by their initials in his opposition.

Plaintiff also moves to seal three pages of the deposition transcript of Kelly Ann Kruger, which Defendants marked as confidential pursuant to the parties' stipulated protective order. Defendants filed the responsive declaration required by Civil Local Rule 79-5(e)(1). They argue that the deposition testimony at issue "relates to San Francisco Police Department training scenarios for identifying and interacting with individuals who may be experiencing mental illness," and that they seek to keep this testimony confidential "in order to maintain the integrity" of testing and training of police recruits and officers. Bers Decl., Nov. 30, 2015 ¶ 3. However, they offer no specifics about how disclosure of this information would impact the "integrity" of police officer testing and training. Further, the request is not narrowly tailored, since it appears that only a small portion of the excerpt addresses "the appropriate response" to a training exercise the witness describes. The court finds that Defendants have failed to meet the "compelling reasons" standard for sealing documents in connection with dispositive motions and DENIES Plaintiff's motion to seal portions of the Kruger deposition transcript.

### III.   CONCLUSION

Within seven days of the date of this order, the parties shall file the following redacted documents in accordance with this order: 1) Defendants shall file redacted copies of Exhibits G, M, and N to the Bers Declaration; and 2) Plaintiff shall file redacted copies of the declarations of M. M. and S. M., as well as his opposition to Defendants' summary judgment motion.

**IT IS SO ORDERED.**

Dated: February 5, 2016



Donna M. Ryu
United States Magistrate Judge

4