UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY RICHARD LAWMAN,<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 15-cv-01202-DMR<br><br>**ORDER DENYING DEFENDANTS' MOTION TO BIFURCATE MONELL CLAIMS AT TRIAL**<br><br>Re: Dkt. No. 102 |

In this 42 U.S.C. § 1983 civil rights action, Defendant City and County of San Francisco ("CCSF") moves to bifurcate proceedings so that Plaintiff Gary Lawman's municipal liability claim against CCSF is not tried, if at all, until after disposition of his claims against the two individual officer defendants. [Docket No. 102.] Plaintiff opposes the motion. [Docket No. 107.] The court finds this matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b) and vacates the April 28, 2016 hearing. For the following reasons, Defendant's motion is denied.

## I.    BACKGROUND

The court recited the relevant facts at length in its summary judgment order. [Docket No. 80.] In brief, on the night of December 31, 2011, Plaintiff was arrested in the lobby of the Four Seasons Hotel in San Francisco for public intoxication in violation of California Penal Code section 647(f). Plaintiff was arrested and taken into custody by Defendants Gordon and Minioza. Plaintiff disputes that he was intoxicated on the night in question; according to his medical expert, Plaintiff suffers from longstanding bipolar disorder and was experiencing a manic episode at the time of his arrest. On February 5, 2016, the court granted in part and denied in part Defendants' motion for summary judgment. The court concluded that Plaintiff had demonstrated the existence of a dispute of material fact as to whether his arrest for public intoxication was supported by

probable cause, whether his arrest violated the Americans with Disabilities Act, ("ADA"), and whether there is a citywide policy, practice, or custom regarding the improper arrest of individuals for violations of section 647(f). The court subsequently denied Plaintiff's motion for leave to file a motion for reconsideration of the court's order granting summary judgment. [Docket Nos. 80, 99.]

Plaintiff's remaining claims are as follows: 1) municipal liability pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978)), against CCSF; 2) Fourth Amendment unlawful arrest and false arrest/false imprisonment against Defendants Gordon and Minioza; and 3) wrongful arrest under the ADA, against Defendants Gordon and Minioza. CCSF now moves to bifurcate the trial of Plaintiff's claims so that the court would try Plaintiff's claims against the two individual officers first, and if appropriate, try Plaintiff's *Monell* claim against CCSF thereafter.

**II.    LEGAL STANDARD**

Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third party claims." This rule "confers broad discretion upon the district court to bifurcate a trial, thereby deferring costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Courts consider several factors in determining whether bifurcation is appropriate, including whether the issues are clearly separable and whether bifurcation would increase convenience and judicial economy, reduce potential jury confusion, and avoid prejudice to the parties. *See Green v. Baca*, 226 F.R.D. 624, 630 (C.D. Cal. 2005) (citation omitted); *GEM Acquisitionco, LLC v. Sorenson Grp. Holdings, LLC*, No. C 09-01484 SI, 2010 WL 1729400, at *2 (N.D. Cal. April 27, 2010). "Where an overlap of factual issues exists between the claims, courts are reluctant to bifurcate the proceedings," *Hunter v. City & Cty. of San Francisco*, No. 11-4911 JSC, 2012 WL 4831634, at *10 (N.D. Cal. Oct. 10, 2012) (citations omitted), and "[i]n the Ninth Circuit, [b]ifurcation . . . is the exception rather than the rule of normal trial procedure." *GEM Acquisitionco*, 2010 WL 1729400, at *3 (citation omitted).

### III. DISCUSSION

CCSF argues that bifurcation of trial is appropriate for two reasons. First, it argues that bifurcation will avoid unnecessary consumption of judicial and litigant resources through litigating potentially moot claims. This is because Plaintiff's recovery of damages turns on the question of whether the individual officers violated Plaintiff's rights when they arrested him. If Plaintiff is unable to prove a constitutional violation by the individual officers, he cannot establish derivative liability on the part of CCSF. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("[N]either *Monell* [ ] nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm."); *Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994) ("the liability of municipalities . . . is contingent on a violation of constitutional rights."). According to CCSF, proving a *Monell* violation requires "substantially more time and evidence—and resulting judicial and litigant resources—than trial of the underlying constitutional violation." Def.'s Mot. at 6. It argues that it expects Plaintiff to try his *Monell* claim by introducing evidence of approximately one hundred complaints regarding section 647(f) arrests filed with San Francisco's Office of Citizen Complaints ("OCC"), and that trial of the *Monell* claim "will take days, re-hashing the complaints and the findings of the OCC investigations." *Id.* at 2. CCSF thus argues that by trying the claims against the individual defendants first, the court can potentially avoid expenditure of significant jury resources on the *Monell* claim if Plaintiff does not prevail against the individuals.

Second, CCSF argues that bifurcation is necessary to avoid prejudice to the individual officers from claims about other alleged police misconduct. It argues that the rules about what evidence is relevant to a *Monell* claim would operate to prejudice the individual officers, because Plaintiff will likely offer evidence of other officers' bad acts in support of his *Monell* claim, which will unduly prejudice Gordon and Minioza.

CCSF's arguments are not persuasive. In his opposition, Plaintiff represents that he expects to present his entire case within three court days, including his *Monell* case. He estimates that without the *Monell* evidence, he estimates completing his case within two and one-half court

days. Therefore, the *Monell* evidence will only take hours of additional testimony, not days, as CCSF argues. Accordingly, convening a second jury solely to try Plaintiff's *Monell* claim would not conserve resources or serve judicial economy. Further, the *Monell* claim and the claims against the individual officers involve overlapping factual issues that are not clearly or easily separable, since Plaintiff alleges that Gordon and Minioza were acting pursuant to CCSF's informal policy of abusing section 647(f). The parties devote lengthy portions of their briefs arguing about what evidence will and will not be admissible at trial regarding each claim. However, these arguments are premature, as these issues are not yet before the court and will be addressed closer to trial. Moreover, the court can address any potential prejudice to Gordon and Minioza resulting from trying the claims together through appropriate limiting instructions. In sum, the court does not find that bifurcating trial will significantly improve the economy of this case or avoid prejudice to the parties.

### IV.  CONCLUSION

For the foregoing reasons, CCSF's motion to bifurcate Plaintiff's claims at trial is denied.

**IT IS SO ORDERED.**

Dated: April 25, 2016



Donna M. Ryu
United States Magistrate Judge