UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY RICHARD LAWMAN,<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 15-cv-01202-DMR<br><br>**[PROPOSED] PRELIMINARY JURY INSTRUCTIONS** |

Counsel shall raise any objections to these proposed preliminary jury instructions at the August 3, 2016 supplemental pretrial conference.

# DUTY OF JURY

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

# CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

[Parties to provide for court review.]

# BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

# TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each defendant party separately. Unless otherwise stated, the instructions apply to all parties.

# EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

1    2.      the exhibits which are received into evidence; and

2    3.      any facts to which the lawyers have agreed.

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must consider that evidence only for that limited purpose and for no other.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

## RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a

1 lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that
2 it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the
3 question may be answered or the exhibit received.  If I sustain the objection, the question cannot
4 be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question,
5 you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it. In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other

4

information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

**NO TRANSCRIPT AVAILABLE TO JURY**

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave each day, your notes should be left in the jury room. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

## JUDICIAL NOTICE

The court has decided to accept as proved the fact that [parties to provide for court review], even though no evidence has been introduced on the subject.  You must accept this fact as true.

## USE OF INTERROGATORIES OF A PARTY

Evidence may be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

## USE OF REQUESTS FOR ADMISSION

Evidence may be presented to you in the form of admissions to the truth of certain facts.  These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures.  You must treat these facts as having been proved.

## EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Such testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE (Needed?)

Certain charts and summaries not received in evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

## CHARTS AND SUMMARIES IN EVIDENCE (Needed?)

Certain charts and summaries may be received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports

them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

**IT IS SO ORDERED.**

Dated: August 1, 2016



Donna M. Ryu
United States Magistrate Judge