Joseph S. May SBN 245924
LAW OFFICE OF JOSEPH S. MAY
1388 Sutter Street, Suite 810
San Francisco, CA 94109
Tel: (415) 781-3333
Fax: (415) 707-6600
joseph@josephmaylaw.com

David M. Helbraun SBN 129840
HELBRAUN LAW FIRM
353 Sacramento Street, Suite 1140
San Francisco, CA 94111
Tel. (415) 982-4000
Fax: (415) 986-1231
dmh@helbraunlaw.com
Attorneys for Plaintiff GARY RICHARD LAWMAN by and through his Guardian ad Litem Richard de Villiers

DENNIS J. HERRERA, State Bar #139669
City Attorney
CHERYL ADAMS, State Bar #164194
Chief Trial Deputy
REBECCA BERS, State Bar #287111
JAMES HANNAWALT, State Bar #139657
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone: (415) 554-4224
Facsimile: (415) 554-3837
E-Mail: rebecca.bers@sfgov.org
Attorneys for Defendants
City and County of San Francisco, Phillip M. Gordon, Glen Paul Minioza

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GARY RICHARD LAWMAN by and through his Guardian ad Litem Richard de Villiers,

Plaintiff,

vs.

CITY AND COUNTY OF SAN FRANCISCO, PHILLIP M. GORDON; GLEN PAUL MINIOZA; BRIAN W. KNEUKER; CARLOS GUTIERREZ; CRAIG F. TOM; PATRICK F. PENE; JULIO C. PALENCIA; ANDREW N. BROWN; PAUL E. RAPACAVOLI; MATTHEW M. O'SHEA; MICHAEL HENNESSEY; GREG SUHR; ROEL L. LAPITAN; FRANK LATKO a.k.a. FRANZI LATKO; and DOES 1 through 50, inclusive,

Defendants.

Case No. 15-CV-01202 DMR

**ORDER RE OBJECTIONS TO TRIAL EXHIBITS**

Trial Date: August 9, 2016

The court's rulings on the parties' objections to trial exhibits are set forth below. **It is the parties' responsibility to seek admission of exhibits into evidence during the trial.**

**PLAINTIFF'S EXHIBIT LIST**

| | **Description [Purpose]** | **Sponsoring Witness** | **Defendant's Objection** | **Ruling on Objections** |
|---|---|---|---|---|
| 1 | CCSF's Supp. Response to Plaintiff's 1st Set of Special Interrogatories (excerpts) [CCSF's claimed factual basis for probable cause] | CCSF | | |
| 2 | CCSF's Response to Plaintiff's 1st Set of Requests for Admission [establishes Plaintiff was unable to answer Officer Gordon's questions] | CCSF | | |
| 3 | Photos of Four Seasons [location of arrest; gives jury context] | Rodie/ Flores | Object to photos with people in them | Overruled, but Plaintiff must blur faces |
| 4 | Video of Four Seasons residence lounge [location of arrest; gives jury context] | Rodie/ Flores | | |
| 5 | 911 call [does not report that Mr. Lawman was an "intoxicated trespasser"] | Flores | | |
| 6 | 911 call transcript [see Exhibit 5] | Flores | | |
| 7 | Radio traffic (3 recordings) [no mention of Mr. Lawman being "intoxicated"] | CCSF | | |
| 8 | CAD report [shows that Officer Gordon was not dispatched to the Four Seasons regarding an "intoxicated trespasser"] | Gordon | | |
| 9 | **WITHDRAWN** | | | |
| 10 | **WITHDRAWN** | | | |
| 11 | Public Intoxication Report, Dec., 31, 2011 [if admissible, shows Gordon's purported observations] | Gordon | | |
| 12 | Field Arrest Card [evidence of 647(f) arrest] | Gordon | Object to this document as incomplete. Page CCSF-8 (the reverse | Overruled. Plaintiff's Exhibit currently includes CCSF-8. |

| | | | | |
|---|---|---|---|---|
| | | | side of the card) is excluded | |
| 13 | Booking Card [evidence of 647(f) arrest] | Gordon | | |
| 14 | County Jail 1 Sobering Cell Observation Record [shows vague observation by jail and nursing staff] | CCSF | | |
| 15 | Triage Note | Latko | | |
| 16 | County Jail 1: Cell Housing History [shows length of stay in sobering cell for Plaintiff and Michael Moracha] | CCSF | | |
| 17 | POST Learning Domain 37, Chapter 4 [SFPD training], **Bates Nos. 915, 919, 921, 941-948, 1015-1052** | CCSF/ Gordon | As to Bates 915, 919, 921, and 941-948, Plaintiff did not include these pages in the exhibit binders. However, Defendants intend to admit this portion of POST LD 37, and therefore do not object to this late addition to Plaintiff's Exhibit List. As to Bates 1015-1048, Defendants object pursuant to FRE 402, 403 because this Chapter is a detailed training on 5150, and contains no other information that could be relevant to plaitniff's case. *See* Defendant's MIL No. 3 (Dkt. 150). Even if the Court permits some *questioning* regarding training as it relates to 5150, this 33 page chapter on the topic is irrelevant, duplicative, confusing, and prejudicial to defendants. It would be both prejudicial and | Overruled. The court will give a limiting instruction. |

JOINT EXHIBIT LIST AND OBJECTIONS
CASE NO. 15-CV-01202 DMR

3

\\candoak.cand.circ9.dcn\data\users\dmrall_cv\2015\2015_01202_lawman_v_city_and_county_of_san_francisco\15-cv-01202-dmr-draft_order_with_rulings_on_objs_to_exhibits_080816.docx

| | | | | |
|---|---|---|---|---|
| | | | a waste of time because the jury could spend time using the materials to evaluate whether Mr. Lawman *should* have been 5150'ed – something they are not permitted to do.<br>As to Bates 1049-1057, Defendants object to these pages under FRE 402, 403, as irrelevant, prejudicial, confusing, duplicative, and a waste of time. These pages contain summaries of various diagnoses that the jury might be tempted to use to diagnose the plaintiff. | |
| 18 | Arrest and Control Manual, Ch. 9, Prisoner Transportation [police training], **Bates Nos. 638-639** | CCSF/ Gordon | Even the two pages Plaintiff specifies of this document are not relevant (FRE 402), and should be excluded under 403 for the reasons explained in Defendant's MIL No. 3. First, training about transporting prisoners is irrelevant because all claims against Officer Kneuker (the transporting officer) have been dismissed. There is no dispute that Plaintiff was safely transported to CJ1. Second, the pages specified by the plaintiff relate specifically to medically assessing a prisoner being | Sustained. |

JOINT EXHIBIT LIST AND OBJECTIONS
CASE NO. 15-CV-01202 DMR

4

\\candoak.cand.circ9.dcn\data\users\dmrall_cv\2015\2015_01202_lawman_v_city_and_county_of_san_francisco\15-cv-01202-dmr-draft_order_with_rulings_on_objs_to_exhibits_080816.docx

| | | | | |
|---|---|---|---|---|
| | | | transported, including when to summon an ambulance. The claim for failure to provide medical care has been dismissed. The information contained in these pages is not relevant to any other claim, but even if it could have some arguable relevance, it is overly prejudicial because it risks suggesting to the jury that the officers *should* have summoned an ambulance, or *should* have had plaintiff medically evaluated. | |
| 19 | Commonly Asked Questions About the ADA and Law Enforcement [police training], **Bates Nos. 434-436** | CCSF/ Minioza | Subject to Foundation FRE 402, 403<br><br>There is a risk that the jurors will accord more weight to this training manual than to the instructions the Court provides regardinig the law, with respect to what the ADA requires. | Overruled, subject to proper foundation. |
| 20 | **WITHDRAWN** | | | |
| 21 | Diagram of County Jail 1 [location of sobering cell where Plaintiff was held] | Latko | Subject to foundation | Ruling deferred, subject to proper foundation. |
| 22 | S.F. Department of Public Health Policy: Sobering Cell | Latko | | |

JOINT EXHIBIT LIST AND OBJECTIONS
CASE NO. 15-CV-01202 DMR

5

\\candoak.cand.circ9.dcn\data\users\dmrall_cv\2015\2015_01202_lawman_v_city_and_county_of_san_francisco\15-cv-01202-dmr-draft_order_with_rulings_on_objs_to_exhibits_080816.docx

| | | | | |
|---|---|---|---|---|
| 23 | SFPD Roll Call Training Lesson: Psych. Eval. of Adults-Part 1 [police training] | CCSF/ Gordon | Foundation, 402 and 403<br>This training applies to 5150; it specifically relates to psychologically distressed adults who have not committed a crime.<br>Even if the Court permits some *questioning* regarding training as it relates to 5150, this training is duplicative, irrelevant, confusing, and prejudicial to defendants. It would be both prejudicial and a waste of time because the jury could spend time using the materials to evaluate whether Mr. Lawman *should* have been 5150'ed – something they are not permitted to do. | Sustained. |
| 24 | S.F. Sheriff's Dep. County Jail #1 Operations Manual: Sobering Cell [training re observation of sobering cell inmates] **Bates Nos. 840-843** | CCSF | | |
| 25 | SFPD General Order 5.18: Prisoner Handling and Transportation [police training] **Bates Nos. 236-238** | CCSF | FRE 402, 403<br>This training about transporting prisoners is irrelevant because all claims against Officer Kneuker (the transporting officer) have been dismissed. There is no dispute that Plaintiff was safely transported to CJ1. Second, the pages specified by the plaintiff include information about | Sustained. |

JOINT EXHIBIT LIST AND OBJECTIONS
CASE NO. 15-CV-01202 DMR
6
\\candoak.cand.circ9.dcn\data\users\dmrall_cv\2015\2015_01202_lawman_v_city_and_county_of_san_francisco\15-cv-01202-dmr-draft_order_with_rulings_on_objs_to_exhibits_080816.docx

| | | | | |
|---|---|---|---|---|
| | | | medically assessing a prisoner being transported, giving first aid, and transporting prisoners to SFGH, all which relates to dismissed claims. The pages also relate to preventing escape, and preventing injury to prisoners. The information contained in these pages is not relevant to any other claim, but even if it could have some arguable relevance, it is overly prejudicial because it risks suggesting to the jury that the officers *should* have transported him to SFGH, or *should* have had plaintiff medically evaluated. | |
| 26 | SFPD General Order 6.14: Psychological Evaluation of Adults [police training] **Bates Nos. 242-246** | CCSF | FRE 402 403- This majority of this General Order is not relevant, and would be confusing to the jury because the focus is on 5150. *See* Defendant's MIL No. 3. Even if the Court permits some *questioning* regarding training as it relates to 5150, this General Order is duplicative, confusing, and prejudicial to defendants. It would be both prejudicial and a waste of time because the jury could spend time using the materials to evaluate whether Mr. Lawman | Overruled. The court will give a limiting instruction. |

JOINT EXHIBIT LIST AND OBJECTIONS
CASE NO. 15-CV-01202 DMR

7

\\candoak.cand.circ9.dcn\data\users\dmrall_cv\2015\2015_01202_lawman_v_city_and_county_of_san_francisco\15-cv-01202-dmr-draft_order_with_rulings_on_objs_to_exhibits_080816.docx

| | | | | |
|---|---|---|---|---|
| | | | *should* have been 5150'ed – something they are not permitted to do. | |
| 27 | SFPD Booking & Detention Manual, Sec. 8: Intoxicated Prisoners [police training] | CCSF | FRE 402, 403<br>This training pertains to booking at district stations by SFPD, not booking by Sheriff at CJ1.  It risks confusing the jury about what policies applied at CJ1, where Plaintiff was booked. Moreover, Plaintiff has not shown that there is any relevance to his Monell claim. | Overruled. |
| 28 | SFPD Roll Call Training Lesson: ADA & Law Enforcement – part 1 [police training] | CCSF | Foundation; FRE 402. This training is not relevant because it relates to how to deal with someone demonstrating threatening behavior because of a disability. This training is also inadmissible under FRE 403 because of the risk that the jurors will accord more weight to this training manual than to the instructions the Court provides regardinig the law, with respect to what the ADA requires. | Sustained. |
| 29 | SFPD Disabilities Awareness Guide: Psychiatric Disabilities (excerpts) [police training] **Bates Nos. 262-263, 265, 266, 288-290** | CCSF | Foundation, FRE 402, 403<br><br>This Disabilities Awareness Guide is not relevant, because the excerpts the Plaintiff has chosen relate to 5150.  *See* Defendant's MIL No. | Overruled.  The court will give a limiting instruction. |

| | | | | |
|---|---|---|---|---|
| | | | 3. Even if the Court permits some *questioning* regarding training as it relates to 5150, the portions Plaintif fhas chosen from this handbook are duplicative, confusing, and prejudicial to defendants. It would be both prejudicial and a waste of time because the jury could spend time using the materials to evaluate whether Mr. Lawman *should* have been 5150'ed – something they are not permitted to do. Moreover, Sergeant Kruger testified that this handbook is merely information, officers are not required to be familiar with its contents, and it is not used as a part of training. (Kruger Deposition, 85:8-19.) | |
| 30 | OCC Policy Recommendation 06.19.2003 [CCSF's notice of constitutional deprivations through 647(f) arrests] | CCSF | Foundation | Ruling deferred, subject to proper foundation. |
| 31 | American Academy of Psychiatry and the Law Ethical Guidelines [impropriety of rendering psychiatric opinions without a personal examination] | Keram | Objection, FRE 802, hearsay | Ruling deferred, pending testimony. |
| **DEFENDANT'S EXHIBIT LIST** | | | | |
| A | Plaintiff's Public Intoxication Report, dated December 31, 2011 (BATES NO. CCSF 11) | Sergeant Gordon | No objection; Plaintiff stipulates to admit. | |
| B | CAD Audio folder 2917 12-31-11, consisting of 4 WAV | Sergeant Gordon, | No Objection; Plaintiff stipulates to admit. | |

JOINT EXHIBIT LIST AND OBJECTIONS
CASE NO. 15-CV-01202 DMR

9

\\candoak.cand.circ9.dcn\data\users\dmrall_cv\2015\2015_01202_lawman_v_city_and_county_of_san_francisco\15-cv-01202-dmr-draft_order_with_rulings_on_objs_to_exhibits_080816.docx

| | | | | |
|---|---|---|---|---|
| | files<br>1) 2117-2118 DP01.wav<br>2) 2118-2119 DP12.wav<br>3) 2129-2138 DP16.wav<br>4) 2154-2155 DP12<br>(BATES NO. CCSF 6) | Officer Minioza, DEM custodian of records | | |
| C | SFPD CAD Report S113652917 (CCSF 34) | Custodian of Records, DEM | No Objection; Plaintiff stipulates to admit. | |
| D | Plaintiff's Field Arrest Card, dated December 31, 2011 (BATES NO. CCSF 7-8) | Custodian of Records, SFSD | No Objection; Plaintiff stipulates to admit. | |
| E | Plaintiff's Booking Card, dated December 31, 2011 (BATES NO. CCSF 9-10) | Custodian of Records, SFSD | No Objection; Plaintiff stipulates to admit. | |
| F | Plaintiff's Sobering Cell Observation Record, dated December 31, 2011 (BATES NO. CCSF 12) | Deputy Rappicavoli, Nurse Lapitan, Custodian of Records, SFSD | No Objection; Plaintiff stipulates to admit. | |
| G | Plaintiff's Jail Medical Services records, dated December 31, 2011 (BATES NO. CCSF 35-41) | Nurse Latko | No Objection to Bates No. CCSF 41; Plaintiff stipulates to admit. | |
| H | Sobering Cell Housing History, dated December 31, 2011 (BATES NO. CCSF 42) | Custodian of Records, SFSD | No Objection; Plaintiff stipulates to admit. | |
| Q | DPH Jail Health Services Policy No. 303, Sobering Cell, rev July 2010 (BATES NO. CCSF 459-460) | Matt Friedman, Nurse Zeff, Nurse Lapitan, Custodian of Records, DPH | No Objection; Plaintiff stipulates to admit. | |
| R | POST Learning Domain 6, Property Crimes, version 5, 2008, Chapter 3: "Identifying and Classifying Crimes Related to Trespassing\|" Pages 3-1 to 3-12 | Lt. Jack Hart, Mr. Jeffrey Martin | Objection. FRCP 37(c)(1): this document was not identified in Defendants' Rule 26 disclosure and was not produced in discovery. Relevance: only a few portions of this document potentially relate to issues involved in this case. | Sustained. |
| S | POST Learning Domain 37, Persons with Disabilities, version 4, Chapter 1 1-1 to 1-10 (BATES NO. CCSF 939- | Lt. Jack Hart, Mr. Jeffrey Martin | No Objection; Plaintiff stipulates to admit. | |

| | | | | |
|---|---|---|---|---|
| | 948) | | | |
| T | POST Learning Domain 8.01.E05, Public Intoxication (BATES NO. CCSF 1058-1060) | Lt. Jack Hart, Mr. Jeffrey Martin | Objection; relevance, 403. The document includes drug intoxication and obstruction of public way as bases for 647(f) arrest; however, the Court has precluded reference to these elements and inclusion of this entire document would be misleading and confusing to the jury, and therefore unduly prejudicial to Plaintiff. | Overruled. The court will give a limiting instruction. |
| U | SFPD Statistics 2005-2014, Misdemeanor Arrests (BATES NO. CCSF 1784) | Jeanne Chisholm | Foundation; hearsay; relevance; requires expert testimony. Jeanne Chisholm was not designated as an expert witness and Defendants did not designate any expert in statistical analysis. Ms. Chisholm may not testify "as to the statistical significance" of arrest data, even assuming such data is admissible. *Shea v. Kerry*, 961 F. Supp. 2d 17, 50 (D. D.C. 2013). Plaintiff requests a hearing under FRE 104 prior to introduction of this evidence at trial | Overruled, subject to proper foundation. |
| V | San Francisco Area Map (BATES NO. CCSF 1785) | Sgt. Gordon, Officer Minioza | Relevance. | Ruling deferred, pending testimony. |
| YY | Plaintiff's Verified Responses to CCSF's Special Interrogatories, Set 1, served December 12, 2014 | N/A | No Objection. Plaintiff stipulates to admit. | |
| B | San Francisco Public | Jeffrey Martin | Lack of foundation | Overruled, subject to |

| | | | | |
|---|---|---|---|---|
| BBB | Intoxication Arrests Compared to Other Cities (Exhibit C to the Deposition of Jeffrey Martin) | | and/or authentication; relevance; FRE 403; FRCP 37 (this document was never identified or produced as part of Defendants' Rule 26 disclosures; instead, it was handed to Plaintiff's counsel for the first time at Mr. Martin's deposition). | proper foundation. |
| CCC | Treatment records of Harry Motro, Psy.D (Exhibit 41 to the Deposition of Harry Motro, Psy.D) | Dr. Motro | Relevance; hearsay; foundation; FRE 403. | Sustained. |
| MMM | SFSD Sobering Cell Policy, revised March 17, 2011 (CCSF 840-843) | Chief Deputy Matthew Freeman, Custodian of Records, SFSD | No Objection. Plaintiff stipulates to admit. | |
| NNN | Photo 1 of Four Seasons lobby | John Flores, Four Seasons security; John Rodie, Four Seasons concierge; Dwight Moore, City Investigator | Objection. The Court has indicated that the sign outside the lounge may not be part of the exhibit. | Overruled, but Defense must crop or blur "private" sign. |
| OOO | Photo 2 of Four Seasons lobby | John Flores, Four Seasons security; John Rodie, Four Seasons concierge; Dwight Moore, City Investigator | No Objection; Plaintiff stipulates to admit. | |
| PPP | Photo 3 of Four Seasons lobby | John Flores, Four Seasons security; John Rodie, Four Seasons concierge; Dwight Moore, City Investigator | No Objection; Plaintiff stipulates to admit. | |
| QQQ | Photo 4 of Four Seasons lobby | John Flores, Four Seasons security; John | No Objection; Plaintiff stipulates to admit. | |

| | | | | |
|---|---|---|---|---|
| | | Rodie, Four Seasons concierge; Dwight Moore, City Investigator | | |
| RRR | Photo 5 of Four Seasons lobby | John Flores, Four Seasons security; John Rodie, Four Seasons concierge; Dwight Moore, City Investigator | Objection. The Court has indicated that the sign outside the lounge may not be part of the exhibit. | Overruled, but Defense must crop or blur "private" sign. |
| SSS | Photo 6 of Four Seasons lobby | John Flores, Four Seasons security; John Rodie, Four Seasons concierge; Dwight Moore, City Investigator | Objection. The Court has indicated that the sign outside the lounge may not be part of the exhibit. | Overruled, but Defense must crop or blur "private" sign. |

JOINT EXHIBIT LIST AND OBJECTIONS
CASE NO. 15-CV-01202 DMR

13

\\candoak.cand.circ9.dcn\data\users\dmrall_cv\2015\2015_01202_lawman_v_city_and_county_of_san_francisco\15-cv-01202-dmr-draft_order_with_rulings_on_objs_to_exhibits_080816.docx

**IT IS SO ORDERED.**

Dated: August 8, 2016

UNITED STATES DISTRICT COURT
IT IS SO ORDERED
Judge Donna M. Ryu
NORTHERN DISTRICT OF CALIFORNIA

DONNA M. RYU
United States Magistrate Judge

JOINT EXHIBIT LIST AND OBJECTIONS
CASE NO. 15-CV-01202 DMR

14

\\candoak.cand.circ9.dcn\data\users\dmrall_cv\2015\2015_01202_lawman_v_city_and_county_of_san_francisco\15-cv-01202-dmr-draft_order_with_rulings_on_objs_to_exhibits_080816.docx