UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GARY RICHARD LAWMAN,

          Plaintiff,

    v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

          Defendants.

Case No. 15-cv-01202-DMR

**FINAL PRETRIAL ORDER**

## I.   MOTIONS IN LIMINE

**Plaintiff's motion in limine 1, exclude public intoxication report (Docket No. 132):** Denied.

**Plaintiff's motion in limine 2, evidence of Plaintiff's alcohol use (Docket No. 133):** Granted in part, denied in part.  Evidence of Plaintiff's prior alcohol use is not admissible to prove that Plaintiff was intoxicated on December 31, 2011.  Such evidence is admissible solely for the purpose of the parties' expert testimony regarding Plaintiff's possible diagnoses, e.g., bipolar disorder vs. alcohol abuse disorder.  The court will give a limiting instruction to the jury.  Keram may discuss Sprauve's notes regarding "rule out alcohol use disorder," but may not reference specific notes in the Sprauve records about alcohol use unless Plaintiff opens the door.

**Plaintiff's motion in limine 3, expert opinion as to probable cause or reasonableness of Defendants' conduct (Docket No. 134):** Granted.  Experts may opine regarding whether the Defendant Officers acted in a manner consistent with their training, but no expert may testify as to ultimate issues, such as whether probable cause supported Plaintiff's arrest or whether the Defendant Officers acted reasonably.

**Plaintiff's motion in limine 4, defense based on trespass (Docket No. 135):** Granted in part, denied in part.  Defendants may not offer a defense that the Defendant Officers had probable

United States District Court
Northern District of California

cause to arrest Plaintiff for violating California Penal Code section 602(o).  Defendants may offer a defense that the Defendant Officers had probable cause to arrest Plaintiff for violating California Penal Code section 602.1(a) on an obstruction theory.  There currently is no evidence to support an intimidation theory.

**Plaintiff's motion in limine 5, exclude certain opinions of defense expert Emily Keram, M.D. (Docket No. 136):** Granted in part, denied in part.  Re opinion 1: Keram may offer her opinion about whether a psychiatrist can diagnose to a reasonable degree of medical probability the cause of Plaintiff's behavior on December 31, 2011.  Re opinions 1(a) and 1(b): Defendants may not offer expert testimony about whether Plaintiff was intoxicated on December 31, 2011.  Keram also cannot testify about any disputed symptoms (for example, the smell of alcohol, slurred speech, or bloodshot eyes); such facts are contested, and are within the province of the jury.  Keram may offer her opinion about whether the undisputed symptoms displayed by Plaintiff on December 31, 2011 (for example, belligerence, grandiosity, rudeness) were consistent with bipolar or other disorders.  Keram may not testify about whether Plaintiff's symptoms may have been caused by drug use.  Keram may not quote the reference in the Sprauve records to Plaintiff's statement about striking his wife.  Keram may not offer opinion 2, which is whether Plaintiff should have been detained pursuant to Welfare and Institutions Code section 5150 ("5150 detention").  All experts, including Keram, are prohibited from opining on the credibility of any witness.

**Plaintiff's motion in limine 6, OCC materials (Docket No. 137):** Granted in part, denied in part.  See discussion below re Defendants' motion in limine 2.

**Plaintiff's motion in limine 7, testimony that Plaintiff was using drugs on December 31, 2011 (Docket No. 138):** Granted.  As to witness Rodie, the prejudice of such testimony outweighs its probative value.  As to Keram, her expert opinion is based on insufficient facts/data.

**Plaintiff's motion in limine 8, evidence of Rodie's arrests (Docket No. 139):** Granted.

**Defendants' motion in limine 1, exclude opinions of Plaintiff's expert Bruce Victor, M.D. (Docket No. 148):** Granted in part, denied in part.  Victor may offer his opinions about Plaintiff's diagnosis of bipolar disorder (opinion 1) and that Plaintiff was manifesting symptoms

United States District Court
Northern District of California

of his bipolar disorder at the time of his arrest (opinion 2).  Plaintiff may not offer expert opinion about whether Plaintiff was intoxicated on December 31, 2011.  Victor also may not testify about disputed displayed symptoms (for example, the smell of alcohol, slurred speech, or bloodshot eyes); such facts are contested, and are within the province of the jury.  Victor may not opine on the credibility of any witness.  Victor may not offer opinion 4 (i.e., law enforcement application of criteria for 5150 detention, and whether Plaintiff met such criteria).

**Defendants' motion in limine 2, exclude opinions of Plaintiff's expert David Dusenbury (Docket No. 149); Plaintiff's motion in limine 6, OCC materials (Docket No. 137):** Granted in part, denied in part.  In response to the court's order, Plaintiff identified the Dusenbury opinions he plans to offer at trial.  [Docket No. 218.]  Dusenbury may not offer opinions that were not identified in Docket No. 218.  In addition, the court made the following rulings:

Dusenbury may offer the following opinions to which Defendants did not object: #3, March 21 report (p. 3) (however, Dusenbury may not opine that Plaintiff was not on drugs; Dusenbury may opine that there is no evidence that Plaintiff was on drugs); #6, March 21 report (p. 3); #8, March 21 report (p. 3); #12, March 21 report (p. 4); #13, March 21 report (p. 4) (but only as to California Penal Code section 602.1(a)); and whether the standard of care for danger to oneself under 647(f) was the same as that related to Welfare & Institutions Code section 5150 (offered at deposition), except that Dusenbury may not opine about whether Plaintiff satisfied the criteria for a 5150 detention.

Dusenbury may not offer the following opinions: Opinion #4, March 21 report (p. 3); opinion that "reasonable suspicion" is not the proper standard for determining whether an arrest was lawful or unlawful (May 2/May 31 opinions); opinion about whether the Four Seasons residence lobby was a public place for purposes of 647(f) (offered at deposition); opinion about whether Lawman was unable to care for himself on 12/13/11 (offered at deposition).

As to opinion #5 (March 21 report, p. 3) and the May 2/May 31 opinions regarding SFPD policies and procedures regarding 647(f) arrests, Dusenbury may offer his opinion about Plaintiff's theory that his "arrest was the result of CCSF's informal policy and practice of arresting

United States District Court
Northern District of California

individuals for public intoxication based on actual or perceived 'behavior' problems, even when those people do not meet the criteria for arrest under Penal Code section 647(f)." [*See* Docket No. 200.]  He may offer his opinions about the evidence supporting this theory, including Latko's testimony, Moracha's testimony, the OCC recommendation about alcohol testing, and the fact that a 647(f) arrest does not require a full incident report and may be approved by supervisors telephonically.

The court has reviewed the parties' supplemental briefing regarding the SFPD alcohol testing policy in the Booking and Detention Manual.  [Docket Nos. 222, 223, 226.]  It is not clear whether the alcohol testing policy in that manual applies to officers in the field as well as SFPD Station Keepers.  Based on the language of the policy itself and the testimony of Officers Gordon and Minioza, a jury could reasonably conclude that the policy applies to officers making 647(f) arrests in the field, regardless of whether arrestees are later held at a district station or County Jail 1.  Therefore, Dusenbury may testify about his understanding of the alcohol testing policy, and that violations of that policy support his opinion that CCSF has an informal policy and practice of arresting individuals for public intoxication based on actual or perceived 'behavior' problems, even when those people do not meet the criteria for arrest under Penal Code section 647(f).  Dusenbury may testify about the individual OCC complainants' requests for tests identified in Docket No. 218 to the extent they support his opinions.

Defendants can cross-examine Dusenbury regarding the specific OCC complaints, but neither side may introduce percipient witnesses or other evidence regarding the incidents that are the subject of the OCC complaints.

No expert may testify about the number or significance of "sustained" OCC complaints.

Defendants may attempt to introduce evidence regarding the total number of 647(f) arrests in San Francisco and other major California cities.

**Defendants' motion in limine 3, exclude argument and evidence of failure to provide medical care (Docket No. 150):** Granted in part, denied in part.  Plaintiff may offer evidence and argument that 5150 detention generally is an option available to the Defendant Officers, but may not offer evidence and argument that Plaintiff satisfied the criteria for a 5150 detention.  Victor

may not offer any opinions regarding 5150 detention, but Dusenbury may offer opinions about police officers' training regarding 5150 detention.

**Defendants' motion in limine 4, exclude evidence of symptoms, treatment, or diagnosis post-January 1, 2012 (Docket No. 151):** Granted in part, denied in part.  Richard De Villiers may testify about his personal observations of Plaintiff regarding the November 2012 incident, except that he may not testify about the 5150 detention.  Victor may not testify about this incident, as it does not form the basis for his opinions.  Plaintiff may not offer or rely on medical records from the Indian Health Center.

**Defendants' motion in limine 5, exclude evidence of Plaintiff's motor vehicle accident (Docket No. 152):** Granted in part, denied in part.  Plaintiff may not present evidence or argument about Plaintiff's January 1, 2012 motor vehicle accident.  Immediately before Plaintiff testifies, the court will read to the jury the following statement:  "Shortly after Plaintiff's arrest, in an incident unrelated to this case, Plaintiff suffered an accident resulting in cognitive impairment."

**Defendants' motion in limine 6, exclude testimony of Nathan Hays (Docket No. 153):** Denied.  Hays may offer testimony about his personal observations of Plaintiff on January 1, 2012, subject to a limiting instruction to the jury that they may not consider his testimony to determine whether the Defendant Officers had probable cause to arrest Plaintiff on December 31, 2011.  However, Hays may not testify about the accident.

**Defendants' motion in limine 7, exclude evidence of damages not disclosed in discovery (Docket No. 154):** Denied.  Plaintiff may testify about emotional distress related to his arrest and detention, but his testimony may not be speculative.  No experts will be permitted to opine about Plaintiff's emotional distress.

**Defendants' motion in limine 8, exclude expert testimony from non-experts (Docket No. 155):** Denied as premature.  The court provided counsel with examples of appropriate questions, and cautioned counsel not to elicit testimony regarding whether Plaintiff met the requirements for 5150 detention on December 31, 2011.

**Defendants' motion in limine 9, exclude Michael Herman** (Docket No. 156): Granted, except that Herman may testify on rebuttal if the door is opened on alcohol use.

**Defendants' motion in limine 10, exclude testimony by Michael Moracha re emotional distress damages (Docket No. 157):** Denied as moot; Plaintiff withdraws Moracha as a witness on the subject of Plaintiff's emotional distress.

## II.    DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER

Granted.  Defendants may amend their answer to include a qualified immunity defense. Defendants concede that qualified immunity is not applicable to Plaintiff's arrest for violating California Penal Code section 647(f).  Parties were ordered to submit further briefing and proposals regarding the application of qualified immunity to an arrest for violation of California Penal Code section 602.1(a).

## III.    REQUEST FOR JUDICIAL NOTICE

Defendants ask the court to take judicial notice of the fact that San Francisco County Jail is operated by the San Francisco Sheriff's Department, not the San Francisco Police Department. [Docket No. 144.]  Plaintiff objected only as to the relevance of this fact.  The court finds the fact is relevant and grants Defendants' request for judicial notice.

## IV.    WITNESSES

Plaintiff's designation of "CCSF": Plaintiff represented that he has identified to Defendants the specific witnesses he will call at trial.

Nurse Lapitan: Defendants withdraw Nurse Lapitan as a witness.

Jeanne Chisholm: Chisholm may testify about SFPD arrest statistics but may not offer statistical analysis or other expert testimony.

Harry Motro, Psy.D.: Objection sustained; Motro may not testify at trial.

Officers Harris, Stark, Tiffany, Reyes, Alexander, Ly, Conway, Barcena, Alvarado, Jonas, Yee, Bradford, Liu re OCC complaints: Objection sustained; officers may not testify re OCC complaints at trial.

**IT IS SO ORDERED.**

Dated: August 8, 2016



_____
Donna M. Ryu
United States Magistrate Judge